UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of BEVERLY B. MANN, Attorney-Respondent )<br>)<br>)<br>In the matter of a Petition for a Rule to Show )<br>Cause against: )<br>)<br>GINO AGNELLO, Clerk, United States Court )<br>of Appeals for the Seventh Circuit, FRANK )<br>H. EASTERBROOK, Chief Judge, and )<br>Circuit Judges MICHAEL S. KANNE, )<br>DANIEL A. MANION, KENNETH F. )<br>RIPPLE, ILANA D. ROVNER, DIANE P. )<br>WOOD, and ANN C. WILLIAMS. ) | No. 08 C 1627<br><br>Judge St. Eve<br><br><br>Formerly case No. M.R. 22285<br>(06 CH 38), Supreme Court of Illinois. |

## MOTION OF THE UNITED STATES TO DISMISS

The UNITED STATES, on behalf of GINO AGNELLO, Clerk, United States Court of Appeals for the Seventh Circuit, FRANK H. EASTERBROOK, Chief Judge of the United States Court of Appeals for the Seventh Circuit, and Circuit Judges MICHAEL S. KANNE, DANIEL A. MANION, KENNETH F. RIPPLE, ILANA D. ROVNER, DIANE P. WOOD, and ANN C. WILLIAMS, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves to dismiss the petition for a rule to show cause filed in state court against the above federal court officials, and in support states:

1. Beverly Mann, a respondent in a disciplinary matter before the Attorney Registration and Disciplinary Commission (ARDC) of the Illinois Supreme Court, caused subpoenas to issue in the above-captioned matter, directing the clerk of the United States Court of Appeals for the Seventh Circuit along with the court's chief judge and six circuit judges to appear to testify in the ARDC proceeding. Mann was informed by the federal court that under the regulation governing testimony

of federal judiciary personnel and production of judiciary records in legal proceedings,[1] her requests would not be complied with. Petition for a Rule to Show Cause at 5. On February 28, 2008, Mann filed a petition in the Illinois Supreme Court for a rule to show cause why the federal clerk and the federal judges should not be held in contempt by the state court.

    2.    The proceeding was removed to this court on March 20, 2008, under 28 U.S.C. §1442(a).

    3.    The matter is nominally against federal court officers but it is actually an action against the United States, because it attempts to compel official-capacity actions governed by federal court regulation. *Dunne v. Hunt*, 2006 WL 1371445, *2 (N.D. Ill., May 16, 2006); *see Akins v. Board of Governors of State Colleges and Universities*, 840 F.2d 1371, 1378 (7th Cir. 1988), *vacated on other grounds*, 488 U.S. 920 (1988), *reinstated by* 867 F.2d 972 (7th Cir. 1989).

    4.    Absent a waiver of sovereign immunity, a state court has no jurisdiction to enforce a subpoena to federal officials, because they are immune from state court process unless Congress consents to the jurisdiction of that court. *United States v. Sherwood*, 312 U.S. 584, 586 (1941)("The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") A party seeking to invoke state court jurisdiction over the United States has the burden of pointing to a Congressional act that gives such consent. *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981).

    5.    There is no applicable sovereign immunity waiver here. *Edwards v. Department of Justice*, 43 F.3d 312 (7th Cir. 1994)(because of sovereign immunity, state courts may not compel compliance with subpoenas by federal officials); *Dunne v. Hunt*, 2006 WL 1371445, *4 (N.D. Ill.,

---

[1] Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings, found at www.uscourts.gov/courts/regulations.htm#regulations.

May 16, 2006)("because the United States and its agencies are immune from state court process unless sovereign immunity has been waived, a state court lacks jurisdiction to enforce a subpoena issued to a federal official"). If judicial review of the decision not to authorize disclosure is available, it would be only in federal courts. *Edwards,* 43 F.3d at 315 (holding that the Administrative Procedure Act provides for such review, at least as to executive branch agencies).

6. The petition for a rule to show cause should be dismissed because the state court had no jurisdiction (for sovereign immunity reasons), and under the derivative jurisdiction doctrine, this court acquired only the state court's jurisdiction on removal, which is *none*. The jurisdiction of the federal court upon removal pursuant to 28 U.S.C. § 1442 is derivative of that of the state court. *Arizona v. Manypenny,* 451 U.S. 232, 242 n. 17 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."); *Edwards,* 43 F.3d at 316; *Dunne v. Hunt, supra* at *4. Thus, even though the matter is now removed to federal court, this court has no jurisdiction to compel compliance because the state court had no jurisdiction.

WHEREFORE, the petition for a rule to show cause should be dismissed for lack of jurisdiction.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Thomas P. Walsh
    THOMAS P. WALSH
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5312
    thomas.walsh2@usdoj.gov