UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of BEVERLY B. MANN, Attorney-Respondent )<br>)<br>)<br>In the matter of a Petition for a Rule to Show Cause against: )<br>)<br>)<br>GINO AGNELLO, Clerk, United States Court of Appeals for the Seventh Circuit, FRANK H. EASTERBROOK, Chief Judge, and Circuit Judges MICHAEL S. KANNE, DANIEL A. MANION, KENNETH F. RIPPLE, ILANA D. ROVNER, DIANE P. WOOD, and ANN C. WILLIAMS. )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 08 C 1627<br><br>Judge St. Eve<br><br><br>Formerly case No. M.R. 22285<br>(06 CH 38), Supreme Court of Illinois. |

**REPLY IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS AND RESPONSE TO PETITIONER MANN'S MOTIONS TO REMAND AND TO RECUSE**

Introduction

Before addressing Beverly Mann's response to the United States' motion to dismiss and her motions to remand and to disqualify every district and magistrate judge in this circuit, the United States has learned that Mann is under a so-called "*Mack* order" that bars her from filing anything in any federal court in this circuit. Thus, this court should disregard Mann's filings unless and until the filing-bar order is lifted.

In any event, Mann's response to the United States' motion to dismiss provides no serious challenge to the United State's jurisdictional arguments, instead arguing that the Code of Conduct for United States Judges requires compliance with her state court subpoena and that the federal courts' subpoena regulation is inapplicable or invalid or even requires compliance under the circumstances of her case. This reply, however, will address only the threshold jurisdictional issue, which under clear circuit precedent requires that Mann's petition be dismissed.

Mann has also filed a motion to remand, but the only additional argument that she makes in that motion is that the removal was allegedly untimely. Even if the court were to consider this motion, it should be denied because the removal was in fact timely filed, as measured from when the *petition* was served, not from when the *subpoenas* were served. Finally, if the court were to consider Mann's motion to disqualify this court, it should be denied because there is no objective reason to believe that the court's impartiality might be questioned.

## Discussion

**1. The *Mack* Filing Bar**

In September 2001, Mann was ordered by the Seventh Circuit to pay a $5,180 sanction to the Cook County States Attorney's Office and file proof of payment with the Seventh Circuit clerk. *Mann v. Brown*, Nos. 99-1750, 99-3595 (7th Cir. October 16, 2001)(order attached as Exhibit 1). The next month, after Mann failed to comply, the court issued an order "that the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by or on behalf of Beverly B. Mann in this court or district courts unless and until she pays in full the sanction that has been imposed on her. *See Support Systems Int'l Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir.1995) (per curiam)." *Id.* The docket in *Mann v. Brown* contains no proof of payment and as far as we can tell, the order remains in effect. (By its terms, the order does not apply to filings in criminal or habeas cases.) The goal of a "*Mack* order" is to prevent a party from conducting any litigation until court-imposed sanctions have been collected. *In the matter of the City of Chicago*, 500 F.3d 582, 584 (7th Cir. 2007). While the *Mack* order remains pending against Mann, she cannot file anything in the federal courts of this circuit, and thus this court should decide the motion to

dismiss without considering Mann's response and should disregard her separately filed motions to remand and to recuse.

**1. Motion to Dismiss**

Even if the court were to consider Mann's response, dismissal of Mann's petition on jurisdictional grounds is required by circuit precedent. Mann argues, without citation to *any* authority, that sovereign immunity is "a doctrine that can apply only to claims of *monetary damages*" and not to subpoena enforcement. Mann Resp. at 11 (emphasis in original). Yet, as we explained in our opening motion, the Seventh Circuit has explicitly held that sovereign immunity bars state courts from enforcing subpoenas to federal officials. *Edwards v. Department of Justice*, 43 F.3d 312, 317 (7th Cir. 1994) ("A waiver of sovereign immunity cannot be implied . . . ."). And in *Dunne v. Hunt*, 2006 WL 1371445, *4 (N.D. Ill., May 16, 2006), this court invoked the same sovereign immunity analysis in connection with a subpoena to the Seventh Circuit's settlement conference attorney, noting that "because the United States and its agencies are immune from state court process unless sovereign immunity has been waived," the state court lacked jurisdiction to enforce its subpoena to the federal court official.

Taking another tack, Mann questions whether removal was appropriate under 28 U.S.C. § 1442(a)(1), which permits removal by the United States or federal officials sued in their official or individual capacities for acts under color of their office. Mann suggests that the Seventh Circuit judges were not necessarily subpoenaed in their official capacities, even while complaining that the Seventh Circuit instigated disciplinary proceedings by sending three letters to the ARDC on the "court's official stationary." Resp. at 6, 14. But even if Mann's theory that the appellate judges would not be testifying in their official capacities had any merit (and it does not), it would not affect the outcome of this motion to dismiss.

This case was removed on *alternative* grounds: either under § 1442(a)(1) as an action against the United States (because it attempts to compel official-capacity actions by federal officials) or under § 1442(a)(3) as an action against "officers of the courts." Mann makes no attempt whatsoever to challenge the second basis for removal, arguing instead only that "[i]f indeed this is an action against officers of the courts of the United States for actions under color of their office or in the performance of their duties and thus subject to removal . . . , then obviously, dismissal would be improper . . . ." Mann Resp. at 12. To the contrary, assuming (as Mann apparently does) that removal was permitted under § 1442(a)(3), dismissal is *not* improper; it is required.

Mann apparently assumes that if this case *is* properly removed, then this federal district court therefore must have jurisdiction, and her petition should not be dismissed. But this reasoning ignores the derivative-jurisdiction doctrine. As clear Supreme Court and circuit precedent hold, under the doctrine of derivative jurisdiction, this court acquires upon removal only the jurisdiction that the state court had to compel federal judges to testify in a state court proceeding, which in this case is none. *Arizona v. Manypenny,* 451 U.S. 232 (1981); *Edwards, supra; Dunne, supra.* Thus, under the derivative-jurisdiction doctrine, the properly removed petition for a rule to show cause should be dismissed.

**2. Motion to Remand**

Mann asks in a brief, separate, unnoticed motion that this case be remanded to the state court, incorporating her arguments from her response to the United States motion to dismiss. No separate response is required to those arguments, other than to note again that Mann did not argue anywhere that removal under § 1442(a)(3) ("officer of the courts of the United States") was improper. Mann does, however, raise a distinct argument in her motion to remand, namely that the removal was untimely because it was filed more than 30 days after the subpoenas at issue were served. This issue

is dealt with easily. The 30-day period for removal permitted by § 1446(b) was not triggered by service of the *subpoenas*; it began to run at the earliest when Mann served the *petition* for a rule to show cause. *Dunne, supra* at *3-4 ("We therefore hold that an action is commenced for purposes of § 1442(a) once a federal official declines to comply with a subpoena and the subpoenaing party requests judicial intervention from the state court to enforce the subpoena."). Mann's petition was filed in state court on February 28, 2008, and was removed to federal court on March 20, 2008, well within the 30 days allowed by § 1446(b).

**3. Motion to Recuse**

Mann also filed another unnoticed motion, seeking under 28 U.S.C. § 455(a) to disqualify all district and magistrate judges in this circuit and to transfer this case to the Eastern District of Michigan so that it can be combined with a supposedly pending suit there against the same judges whose testimony she seeks to compel in this case. That motion should be denied because there is no objective reason to believe that the impartiality of this court (much less of every district and magistrate judge in the entire circuit) might reasonably be questioned. In any event, Mann's suit against the Seventh Circuit judges in the Eastern District of Michigan is *not* pending,[1] so even if there were reason for disqualification, her proposed remedy is not possible.

Section 455(a) requires disqualification if a judge's "impartiality might reasonably be questioned." "The standard in any case for a § 455(a) recusal is whether the judge's impartiality

---

[1] Mann made this claim in her response to the motion to dismiss (*see* p. 5 and fn. 1) as well as in her motion to recuse. She asserted that her lawsuit in the Eastern District of Michigan against the same Seventh Circuit court officers involved in this matter "remains pending" and that she has recently attempted to serve the defendants by mail. However, she apparently misread the Sixth Circuit's order (attached as Exhibit 2) on which she based her claim that her suit is still pending in the district court, and the district court in Detroit has issued an order invalidating the summonses Mann served, because the case was dismissed last November and is currently on appeal. Order, *Mann v. Agnello*, No. 07-CV-12857 (E.D. Mich. April 11, 2008)(attached as Exhibit 3).

5

could be questioned by a reasonable, well-informed observer." *Matter of Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir.1996). There is simply no reason to believe that the impartiality of this court and every judge and magistrate judge of this court[2] is in doubt because their "work . . . is regularly reviewed on appeal" by the judges whose testimony Mann seeks to compel. Mann Motion at 2. Of course, *every* federal judge theoretically has a stake in the principles involved in resolving this case, but there is precious little reason to believe that every district judge in this circuit is biased because their decisions are reviewed by the judges whose testimony is sought here. The motion to recuse should be denied.

## Conclusion

For the foregoing reasons, the petition for a rule to show cause should be dismissed, and Mann's motions to remand and to recuse should be stricken or denied.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Thomas P. Walsh
    THOMAS P. WALSH
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5312
    thomas.walsh2@usdoj.gov

---

[2] Mann cites no authority that would permit the judge in this case to disqualify all of the judges of all of the districts in the entire circuit.

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

REPLY IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS AND RESPONSE TO PETITIONER MANN'S MOTIONS TO REMAND AND TO RECUSE

was served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by email and first-class mail on April 16, 2008, to the following non-ECF filers:

Beverly B. Mann
P.O. Box 20
Whitmore Lake, Michigan 48189
beverlymann2@yahoo.com

Ronald Rascia
Assistant Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
rrascia@atg.state.il.us

Robert V. Verrando
Senior Counsel, Illinois ARDC
130 East Randolph Drive, Suite 1500
Chicago, Illinois 60601
rverrando@iardc.org

 s/ Thomas P. Walsh
THOMAS P. WALSH
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 353-5312
thomas.walsh2@usdoj.gov

# United States Court of Appeals

*For the Seventh Circuit*
*Chicago, Illinois 60604*

October 16, 2001

*Before*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| BEVERLY B. MANN,<br>     Plaintiff-Appellant, | ] Appeals from the United<br>] States District Court for<br>] the Northern District of |
| Nos. 99-1750 and 99-3595      v. | ] Illinois, Eastern<br>] Division. |
| DOROTHY BROWN, as Clerk of the<br>Circuit Court of Cook County,<br>Illinois, and COOK COUNTY,<br>ILLINOIS,<br>     Defendants-Appellees. | ]<br>] No. 98 C 8004<br>]<br>]<br>] Harry D. Leinenweber,<br>]      Judge.<br>] |

## ORDER

The following are before the court:

1. **NOTICE TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT AND/OR REQUEST FOR LEAVE TO FILE RULE TO SHOW CAUSE**, filed on October 11, 2001, by counsel for the appellees.

2. **RESPONSE TO NOTICE TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT AND/OR REQUEST FOR LEAVE TO FILE RULE TO SHOW CAUSE**, filed on October 15, 2001, by the appellant pro se.

On September 19, 2001, this court ordered the appellant Beverly Mann to pay $5,180.00

Nos. 99-1750 and 99-3595                                                                                              2

to the Office of the State's Attorney of Cook County within 14 days and file proof of payment with the clerk of this court. To date, the appellant has failed to make the required payment.

    Accordingly, **IT IS ORDERED** that the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by or on behalf of Beverly B. Mann unless and until she pays in full the sanction that has been imposed against her. *See Support Systems Int'l Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). In accordance with our decision in *Mack*, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See id.* at 186-87.

    **IT IS FURTHER ORDERED** that Beverly B. Mann is authorized to submit to this court, no earlier than two years from the date of this order, a motion to modify or rescind this order.

No. 08-1137

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| BEVERLY MANN, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | )　　O R D E R |
| | ) |
| GINO J. AGNELLO, Clerk, U. S. Court of | ) |
| Appeals for the Seventh Circuit; et al., | ) |
| | ) |
| Defendants-Appellees. | ) |
| | ) |

**FILED**
Mar 20, 2008
LEONARD GREEN, Clerk

　　This court entered an order directing the appellant to show cause why her appeal should not be dismissed as late. The appellant responded by indicating that Fed R. App. P. 4(a)(1)(B) provides that a sixty-day appeal period applies to this case.

　　A review of the documents before the court indicates that the district court dismissed the case by order entered on November 29, 2007. The time for filing a notice of appeal runs from entry of the judgment. *See* Fed. R. App. P. 4(a)(1). Because no separate judgment was entered by the district court as required by Fed. R. Civ. P. 58(a)(1), the judgment is treated as filed 150 days after entry of the decision. *See* Fed. R. App. P. 4(a)(7)(A)(ii). The notice of appeal filed on January 25, 2008 was timely filed. *See* Fed. R. App. P. 4(a)(1)(B) and 26(a).

　　It is ordered that the show cause order is withdrawn.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY MANN,

        Plaintiff,

vs.

        Case No. 07-CV-12857
        HON. GEORGE CARAM STEEH

GINO J. AGNELLO, et al.,

        Defendants.

_____/

## ORDER INVALIDATING MARCH 28, 2008 SUMMONSES

On November 29, 2007, plaintiff Beverly Mann's claims were dismissed in their entirety. Mann's subsequent motions for reconsideration were denied on December 6, 2007 and December 11, 2007. Mann filed a notice of appeal regarding the dismissal of her claims on January 25, 2008.

On March 28, 2008, apparently relying upon a representation that an amended complaint had been filed, the Clerk of the Court erroneously issued at least nine summonses for service, incorrectly notifying the defendants that they had 20 days to file an answer or otherwise defend this matter. See Federal Rules of Civil Procedure 12(a)(1)(A)(i) and 12(a)(4). The March 28, 2008 summonses are patently of no force or effect as Mann's claims were dismissed on November 29, 2007. The court further notes that the March 28, 2008 summonses issued more than 120 days after Mann filed her complaint on July 9, 2007, in contravention of Federal Rule of Civil Procedure 4(m). Accordingly,

IT IS ORDERED that the March 28, 2008 summonses issued in this lawsuit are of no force and effect, and are hereby deemed INVALID. Parties receiving summonses issued prior to the date of this Order are not obligated to file an answer or otherwise respond.

SO ORDERED.

Dated: April 11, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 11, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---