UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

# FILED

MAY 1 8 2008 TC

May 12 2008

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

In the Matter of BEVERLY B. MANN
Attorney-Respondent

In the matter of a Petition for a Rule to
Show Cause against:

GINO AGNELLO, Clerk, United States Court
of Appeals for the Seventh Circuit, FRANK
H. EASTERBROOK, Chief Judge, and
Circuit Judges MICHAEL S. KANNE,
DANIEL A. MANION, KENNETH F.
RIPPLE, ILANA D. ROVNER, DIANE P.
WOOD, and ANN C. WILLIAMS.

No. 08 C 1627
Judge St. Eve
Magistrate Judge Cole

Formerly case No. M.R. 22285
(06 CH 38), Supreme Court of Illinois

## MOTION FOR DECLARATORY JUDGMENTS

Beverly Mann, *pro se*, moves pursuant to 28 U.S.C. § 2201 for a declaratory judgment that

under 28 U.S.C. §§ 1446(d) and 1447(c), once this matter was removed from the Illinois Supreme

Court to this court, the Illinois Supreme Court lost jurisdiction to issue any orders in the matter in

any respect, and will continue to lack jurisdiction to issue any orders in this matter in any respect

unless and until this court remands all or part of the matter back to the Illinois Supreme Court.

Mann also moves for a declaratory judgment that an order issued in this matter by the Illinois

Supreme Court on April 16, 2008, nearly one month after the case was removed from that court to

this one, is void *ad ab initio* pursuant to 28 U.S.C. §§ 1446(d) and 1447(c).  That order purports to

grant a motion filed in that court on behalf of Anne M. Burke, who is now a member of that court,

shortly before this case was removed to this court on March 20, 2008, asking that the subpoena—

one of the subpoenas at issue in this matter—served upon Burke be quashed.  The order stated

nothing more than that the motion was granted; it discussed neither the substantive basis for it nor

the issue of whether or not that court had jurisdiction to issue it.  Burke did not recuse herself from

the matter. In her petition to that court, which initiated the matter that is currently before this court, Mann moved for recusal of Burke and also for recusal of the six other justices.

Mann also moves for a declaratory judgment that Burke's participation in issuing the order that purported to grant her own motion to quash the subpoena served upon her constituted a violation of Mann's Fourteenth Amendment right to due process of law.

In support of her motion for the declaratory judgments, Mann attaches, incorporates as respective Exhibits 1, 2 and 3, and relies upon a motion she filed with the Illinois Supreme Court on April 22, 2008 titled "Motion to Vacate Order Entered April 16, 2008 as Void *Ad Ab Initio* Pursuant to 28 U.S.C. §§ 1441-1447"; a motion titled "Motion for Leave to File Reply in Support of Motion to Vacate Order Entered April 16, 2008 as Void *Ad Ab Initio* Pursuant to 28 U.S.C. §§ 1441-1447," a necessity because under Illinois procedural law in such matters, the moving party has no right to file a reply in support of a motion; and a "Reply in Support of Motion to Vacate Order Entered April 16, 2008 as Void *Ad Ab Initio* Pursuant to 28 U.S.C. §§ 1441-1447," which she proffered to that court.

Respectfully submitted,

s/Beverly Mann
Beverly Mann
*Pro se*
P.O. Box 20
Whitmore Lake, MI 48189
(248) 767-4895
beverlymann2@yahoo.com

DATED: May 12, 2008

## Certificate of Service

I certify that on May 12, 2008, I will file the foregoing with the Clerk of Court, and that on that date I will send notification via fax or email or U.S. mail to the following:

Thomas P. Walsh
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
thomas.walsh2@usdoj.gov

Clerk, Attorney Registration and
Disciplinary Commission of the
Illinois Supreme Court
130 East Randolph Drive, 11th Floor
Chicago, Illinois 60601

Robert V. Verrando
Senior Counsel, Illinois ARDC
130 East Randolph Drive, Suite 1500
Chicago, Illinois 60601

Ronald Rascia
Assistant Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601

s/ Beverly Mann
Beverly Mann
P.O. Box 20
Whitmore Lake, MI 48189
Ph: (248) 767-4895
beverlymann2@yahoo.com

**EXHIBIT 1**

IN THE
SUPREME COURT OF ILLINOIS

In the Matter of:

BEVERLY B. MANN,                                    No. M.R. 22285
                                                    Commission No.  06
CH 38

      Attorney-Respondent,

      No. 3123460.

## MOTION TO VACATE ORDER ENTERED APRIL 16, 2008 AS VOID *AD AB INITIO* PURSUANT TO 28 U.S.C. §§ 1441-1447

Respondent Beverly B. Mann, *pro se*, moves this court to vacate the order it

issued on April 16, 2008 as void *ad ab initio* under 28 U.S.C. §§ 1441-1447.  In

support, she states the following:

On or about February 27, 2008, Mann filed with this court a Petition for Rule

to Show Cause Pursuant to Rule 754(e), Article VII, of the Rules of the Supreme

Court of Illinois Supreme Court of Illinois on Admission and Supreme Court of

Illinois Discipline of Attorneys.  The petition, the contents of which Mann

incorporates by reference and relies upon here, concerned subpoenas that Mann

had served upon several witnesses and that all the witnessed except one, Anne M.

Burke, simply ignored.  Burke, a member of this court, whose involvement as a

witness dates to the period when she sat as an Illinois appellate justice before

being appointed to this court, appeared through counsel, assistant Illinois

Attorney General Ronald Rascia, at the hearing at which she was subpoenaed to

testify, and contested the subpoena.

The hearing-board chair agreed with Mann that he lacked jurisdiction to quash the subpoena, and also agreed with Mann that under the circumstances of this matter, the subpoena might be enforceable against Burke and the other subpoenaed witnesses. The other subpoenaed witnesses are federal judges (all but one of them judges in the Court of Appeals for the Seventh Circuit) and the Clerk of the United States Court of Appeals for the Seventh Circuit. It was agreed at the hearing that Mr. Rascia would file with this court on behalf of Burke a motion to quash Rule 754(e), Article VII, of the Rules of the Supreme Court of Illinois Supreme Court of Illinois on Admission and Discipline of Attorneys, and that Mann would file with this court under the same Rule a petition to compel the appearance of the witnesses at a later date, and for a rule to show cause why the subpoenaed witnesses should not be held in contempt for failing to comply with the subpoenas. The hearing was continued to April 25, 2008, and the chair continued the subpoenas to that date. The subpoenaed witnesses were notified.

Mr. Rascia did not immediately file a motion to quash on behalf of Burke, and on approximately February 22, a spokesperson for the other subpoenaed witnesses responded to a phone inquiry by Mann by informing her that those witnesses intended to ignore the continued subpoenas rather than move to quash them.

Mann mailed her Petition to this court on February 25, 2008. Shortly afterward, she received a notice from this court advising her that the matter was docketed as M.R. 22285 and that the parties should identify all further filings in the matter by that case number. A week or two afterward, Mr. Rascia filed a

motion on behalf of Burke to quash the subpoena, and also filed a response to

Mann's petition for a show-cause order.

A few days later, on March 20, the other subpoenaed witnesses removed this

matter to the United States District Court for the Northern District of Illinois.  The

case is captioned *Mann v. Agnello, et al.*, No. 08-cv-01627, and is assigned to

District Judge Amy J. St. Eve.   The removing parties then sent notice to all

parties and to this court as required by 28 U.S.C. § 1446(d), which provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and **the State court shall proceed no further unless and until the case is remanded.**  [Boldface added.]

The case has not been remanded. Mann timely filed motion for remand pursuant to 28 U.S.C. §

1447(a) and (c).  Section 1447 is titled "Procedure after removal generally."  Subsections (a) and (c)

provide respectively:

> (a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. **A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.** [Boldface added.]

This court has lacked subject-matter jurisdiction to issue any order in this matter since March

20, 2008, the date on which the matter was removed from that court to the United States District

Court for the District of Colorado.  (Presumably, it received the notice of removal shortly after that

date, so it knew this on April 16, when it nonetheless issued its order purporting to grant Burke's

motion to quash.)  This court's April 16 order is void *ad ab initio*; it is a nullity on its face.  *See,*

e.g., *Steel Co. v Citizens for a Better Environment*, 523 U.S. 83; 118 S. Ct. 1003; 140 L. Ed. 2d 210 (1998). Even if this matter is remanded back to state court, the order will have no effect whatsoever.

Judge St. Eve set a briefing schedule on the removing defendants' motion to dismiss. In the same order, Judge St. Eve set the matter for a status hearing on May 14. On April 8, Mann filed her response to the motion to dismiss and also filed a motion for remand back to state court. On April 17, the A.R.D.C. hearing-board chair continued the hearing for September 12, 2008 in order to allow sufficient time for resolution of the subpoenas matter.

\*\*\*\*

Mann further notes that her response to the motion to dismiss pending in federal district court discusses one of the recently proposed changes to the Code of Conduct for United States Judges; the Judicial Conference of the United States' Committee on Codes of Conduct's that Code announced the proposed changes on March 7, 2008, and the period of public comment on them ended on April 18, an unusually short time period for public comment on changes to Rules promulgated by a Judicial Conference committee. The discussed change, which as Mann notes in her response to the motion to dismiss, appears to have been prompted by her written communications to Senior Second Circuit Judge Ralph K. Winter in his capacity as chair of a related committee, the Committee on Judicial Conduct and Disability. Mann had told him of the federal judges' decision to ignore the subpoenas at issue here. The proposed change states outright in formal Commentary to one of the Canons that judges must comply with subpoenas concerning judicial discipline and attorney discipline matters, and that a failure to do so constitutes judicial misconduct. The proposed Rules can be downloaded at http://www.uscourts.gov/library/request_for_comments_030708.cfm.

Mann also notes that, apart from the curious decision by the members of this court to issue an order that it unequivocally lacked subject-matter jurisdiction to issue, the failure of Justice Burke to

8

recuse herself from the decision whether to issue the order—which purported to grant her motion to quash the subpoena—raises significant concerns of impropriety on Burke's part. The issuance of the order also raises questions concerning the propriety of her immediate colleagues' failure to recuse themselves from the matter, as well as their decision to attempt to decide the matter themselves rather than engage in the normal procedure prescribed by Rule 754(e), Article VII, of the Rules of the Supreme Court of Illinois Supreme Court of Illinois on Admission and Discipline of Attorneys.

Mann's motion for remand that is pending in federal district court asks, alternative to remand back to state court, that the matter be transferred to a federal district court outside the Seventh Circuit because of the obvious inherent conflict of interest that exists for any district judge within that circuit. Mann suggested that the matter be transferred to her home district, the Eastern District of Michigan, where a related matter already is pending. The decision by this court to issue an order that it knew it had no jurisdiction to issue, and the decision by Burke (apparently without objection by her colleagues) to participate in the issuance of an order granting her own motion, suggests that the matter indeed should remain in federal court, albeit in a district outside the Seventh Circuit. Mann will attach a copy of this motion to a supplement to her remand motion notifying that court of this development.

In any event, this issue will be brought to a federal court outside the Seventh Circuit, if not via transfer of the current case there than by the filing of a civil rights lawsuit under 42 U.S.C. § 1983 and 1985 and 28 U.S.C. §§ 2201 and 2202.

Respectfully submitted,


s/Beverly Mann
Beverly B. Mann
Respondent
P.O. Box 20

Whitmore Lake, MI 48189
(248) 767-4895
DATED: April 21, 2008

**EXHIBIT 2**

IN THE
SUPREME COURT OF ILLINOIS

In the Matter of:

BEVERLY B. MANN,                                    No. M.R. 22285
                                                    Commission No.  06
CH 38

       Attorney-Respondent,

       No. 3123460,

**MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO VACATE
ORDER ENTERED APRIL 16, 2008 AS VOID *AD AB INITIO* PURSUANT TO
28 U.S.C. §§ 1441-1447**

Respondent Beverly B. Mann, *pro se*, moves for leave to file a file a Reply in Support of

*Motion to Vacate Order Entered April 16, 2008 as Void Ad Ab Initio Pursuant to*

*28 U.S.C. §§ 1441-1447.* Nine copies of the Reply were delivered to this court on or about May 2,

2008. A signed original accompanies this motion. (The nine copies delivered originally bear an

erroneous date of April 21, 2008. The signed original corrects that date to May 2, 2008.) A signed

original of the Motion to Vacate Order entered April 16, 2008 as Void *Ad Ab Initio* Pursuant to

28 U.S.C. §§ 1441-1447, properly dated April 21, 2008, also accompanies this motion, as do two

proposed orders: a proposed order regarding this motion and a proposed order regarding Mann's file

Reply in Support of Motion to Vacate Order entered April 16, 2008 as Void *Ad Ab Initio* Pursuant

to 28 U.S.C. §§ 1441-1447.

    In support of this motion, Mann states that her proffered Reply makes clear that the response to

which the reply replies inaccurately asserts that only part of this matter was removed to federal

district and also asserts that this court has the legal authority to determine for a federal district court

the issue of whether or not the federal court has jurisdiction to hear the removed matter, in total or

in part. As the proffered Reply notes, under federal law only entire matters, not parts of matters,

may be removed to federal court, and the removing parties, well aware of this, made no pretense

that they were attempting to remove only part of this matter; any concern about the federal court's

subject-matter jurisdiction to hear all or part of any case initially filed in state court must be voiced

via motion pursuant to 28 U.S.C. § 1447(c) to the federal district court. The state court lacks

jurisdiction to consider a challenge to a federal court's jurisdiction to hear all or part of a legal

matter.

Respectfully submitted,


s/Beverly Mann
Beverly B. Mann
Respondent
P.O. Box 20
Whitmore Lake, MI 48189
(248) 767-4895

DATED: May 6, 2008

**EXHIBIT 3**

IN THE
SUPREME COURT OF ILLINOIS

In the Matter of:

BEVERLY B. MANN,

CH 38

        Attorney-Respondent,

        No. 3123460.

No. M.R. 22285
Commission No. 06

## REPLY IN SUPPORT OF MOTION TO VACATE ORDER ENTERED APRIL 16, 2008 AS VOID *AD AB INITIO* PURSUANT TO 28 U.S.C. §§ 1441-1447

Respondent Beverly B. Mann, *pro se*, states the following in reply in support

of her motion to vacate the order it issued on April 16, 2008 as void *ad ab initio*

under 28 U.S.C. §§ 1441-1447:

Anne M. Burke, by her counsel, Illinois Attorney General Lisa Madigan,

has filed a response to Mann's motion, asserting that the federal district court

lacks subject-matter jurisdiction to hear the portion of this matter that concerns

Burke and that therefore this court need not comply with 28 U.S.C. § 1446(d),

which expressly prohibits the state court from proceeding further in the case

once the removing party has filed a copy of the notice of removal with the clerk

of the state court unless and until the federal court remands the case or part of

the case back to the state court and so notifies the state court pursuant to §

1447(c). Best as Mann can tell, Burke is claiming that 28 U.S.C. § 1442

provides a mechanism by which a part of a case can be removed and that that is

what the removing parties in this case did, and so this court never lost

jurisdiction to proceed with the part of the case that remained in this court.  Or
something.

One problem with this argument is that § 1442 contains no provision by
which a party may remove only part of a lawsuit to federal court; that statute,
like §§ 1442 and 1443, authorizes removal only of entire lawsuits.  Sections
1446 and 1447 provide the mechanism by which all or part of the lawsuit may
be remanded back to state court, but it is the federal court, not the state court
and not the removing defendant, that under the removal scheme established by
§§ 1441-1447 makes that decision.  Burke, in other words, is making her
federal-subject-matter-jurisdiction argument to the wrong court.  This court has
no authority to determine a federal court's subject-matter jurisdiction.  It may
well be that the federal court indeed lacks subject-matter jurisdiction over the
part of this matter that pertains to her, but that is an argument that under the
scheme established by 28 U.S.C. §§ 1441-1447 she must argue to the federal
district court, and, thus far, she has not done so.

It is not happenstance that Burke cites only to *federal* case authority and
not to any *state-court* opinion to support her claim that the federal court lacks
subject-matter jurisdiction to hear the part of this matter that addresses her.
Under §§ 1441-1447, only federal courts can make that determination.

And they do—regularly.  Once a lawsuit is removed to federal court, §1446
requires the federal district court, *sua sponte*, to determine the jurisdictional
propriety of the removal and to summarily remand the case back to state court if
it appears facially that the case was removed improperly.  Section 1447

16

authorizes the plaintiff or other non-removing party to file a motion for remand
back to state court for lack of federal subject-matter jurisdiction or, if the motion
is filed within 30 days after removal, for non-jurisdictional reasons. The federal
court may remand the entire case or, under certain circumstances, may remand
part of the case and retain the remainder, but the removing party cannot decide
to cause a severance of parts of the case by removing only a part of it. In any
event, the removing parties in *this* matter did *not* attempt to do so, probably
because these particular parties and their counsel are, suffice it to say, well
versed in removal-jurisdiction jurisprudence. The notice of removal stated,
accurately as a matter of law, that the entire matter was removed to federal
court.

Mann has filed a motion pursuant to § 1447(c) for remand of the matter back to state court. If
her motion is granted, the federal district court will notify this court, and this court will be entitled,
as far as the federal removal process established by §§ 1441-1447 is concerned, to proceed with
this matter. Unless that occurs, and until it does, this court has no jurisdiction—no legal
authority—to issue any orders in the matter; any substantive orders it entered or enters, such as the
one it entered on April 16, are void *ad ab initio*. Burke's attempt to conflate, on the one hand, the
issue of federal subject-matter jurisdiction to consider the substantive matter concerning her and,
on the other hand, the issue of whether the Illinois Supreme Court had subject-matter jurisdiction
to enter the order it entered on April 16 does not alter this fact of law.

As for *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L.
Ed. 2d 210 (1998), Burke misses the seminal point of the opinion, an opinion that is cited
regularly by federal courts for exactly the proposition for which Mann cited it in her motion: that

the reason why courts, whether federal or state, must first determine their jurisdiction to hear a case or an aspect of a case is precisely that the very term "jurisdiction" actually means "power," i.e., legal authority itself. See, e.g., *Olympia Express, Inc. v Linee Aeree Italiane, S.P.A., d/b/a Alitalia Airlines*, 509 F.3d 347 (7th Cir. 2007); *Automobile Mechanics Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc. d/b/a National Car Rental & Alamo*, 502 F.3d 740 (7th Cir. 2007); *Leguizamo-Medina v. Gonzales*, 493 F.3d 772 (7th Cir. 2007); *Jogi v. Voges*, 480 F.3d 822 (7th Cir. 2006); *Intec USA, LLC v. Engle*, 467 F.3d 1038 (7th Cir. 2006); *Petrov v. Golnzales*; 464 F.3d 800 (7th Cir. 2006). And these are just Seventh Circuit opinions issued within the last two years.

Mann will file a motion in the federal case early next week requesting a declaratory judgment that under §§ 1446(d) and 1447(c), this court's April 16 order is void *ad ab initio*. As for the substantive issue of whether or not the federal court does have subject-matter jurisdiction to consider the matter concerning Burke as a pendent state claim if the federal court rules that the case was properly removed to federal court, Mann will address it in a response to a motion that Burke files with the federal court, if Burke files one asserting that the federal court lacks subject-matter jurisdiction to hear the part of this matter that concerns her. Any motion for remand based upon any ground other than lack of subject-matter jurisdiction would be untimely under § 1447(c).

There is, of course, the separate matter, which Mann raised in her motion, of the ethical propriety of this court's issuing the order it issued on April 16—with Burke not even bothering to recuse herself. Revealingly, Burke does not address

18

that issue.  Thus she has waived a challenge to Mann's claim of conflict of

interest on her own part and on the part of her colleagues.

Respectfully submitted,


s/Beverly Mann
Beverly B. Mann
Respondent
P.O. Box 20
Whitmore Lake, MI 48189
(248) 767-4895

DATED: May 2, 2008

### Certificate of Service

I certify that on May 12, 2008, I will file the foregoing with the Clerk of Court, and that on that date I will send notification via fax or email or U.S. mail to the following:

Thomas P. Walsh
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
thomas.walsh2@usdoj.gov

Clerk, Attorney Registration and
Disciplinary Commission of the
Illinois Supreme Court
130 East Randolph Drive, 11th Floor
Chicago, Illinois 60601

Robert V. Verrando
Senior Counsel, Illinois ARDC
130 East Randolph Drive, Suite 1500
Chicago, Illinois 60601

Ronald Rascia
Assistant Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601

s/ Beverly Mann
Beverly Mann
P.O. Box 20
Whitmore Lake, MI 48189
Ph: (248) 767-4895
beverlymann2@yahoo.com