# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1627 | **DATE** | 5/21/2008 |
| **CASE TITLE** | Mann vs. Agnello, et al | | |

**DOCKET ENTRY TEXT**

The Court grants Respondents' motion to dismiss for lack of jurisdiction (R. 3-1).  In addition, the Court denies (1) Petitioner's motion for remand (R. 8-1), (2) Petitioner's motion to disqualify all District and Magistrate Judges within the Seventh Circuit (R. 7-1), and (3) Petitioner's Motion for Declaratory Judgment (R. 11-1). Status hearing set for 6/11/2008 is stricken. Civil case terminated.

■[ For further details see text below.]    Notices mailed by Judicial staff.
*Mail AO 450 form.

## STATEMENT

On January 23, 2008, Petitioner Beverly Mann, a respondent in a disciplinary proceeding pending before the Attorney Registration and Disciplinary Commission of the Illinois Supreme Court, served subpoenas directing the clerk of the United States Court of Appeals for the Seventh Circuit (Gino Agnello), along with that court's chief judge (Frank H. Easterbrook) and six circuit judges (Michael S. Kanne, Daniel A. Mannion, Kenneth F. Ripple, Ilana D. Rovner, Diane P. Wood, and Ann C. Williams) to produce documents and to appear to testify in the ARDC proceeding.  (R. 1-2, Petition for Rule to Show Cause at 1 (further indicating that Petitioner subpoenaed Justice Anne Burke of the Illinois Supreme Court).)  Some time thereafter, a representative of the Seventh Circuit informed Petitioner that, pursuant to a regulation governing testimony of federal judiciary personnel and production of judiciary records in legal proceedings, Respondents would not comply with the subpoenas.  On February 28, 2008, Petitioner filed a petition in the Illinois Supreme Court for a rule to show cause why Respondents should not be held in contempt.  On March 20, 2008, Respondents removed the action under 28 U.S.C. §1442(a).  Currently before the Court is Respondents' motion to dismiss for lack of jurisdiction (R. 3-1), and Petitioner's motion for remand (R. 8-1), Petitioner's motion to disqualify all District and Magistrate Judges within the Seventh Circuit (R. 7-1), and Petitioner's Motion for Declaratory Judgment (R. 11-1).  For the reasons below, the Court grants Respondents' motion and denies Petitioner's motions.

### ANALYSIS

**I.    Removal Is Proper**

Respondents removed this action under 28 U.S.C. §1442(a).[1]  That statutory section permits officers of the federal courts to remove cases from state court in certain circumstances:

**STATEMENT**

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: . . . (3) Any officer of the courts of the United States, for any act under color of office or in the performance of his duties . . .

28 U.S.C.A. § 1442(a)(3). The present proceeding meets all of the statutory prerequisites for removal (1) because Respondents are "officer[s] of the courts," *see, e.g., Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431-32, 119 S. Ct. 2069, 2075 (1999) (federal judges); *Conjugal P'ship Comprised By Joseph Jones & Verneta G. Jones v. Conjugal P'ship Comprised Of Arthur Pineda & Toni Pineda*, 22 F.3d 391, 395-96 (1st Cir. 1994) (court staff member); *see also Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1312-13 (9th Cir. 1981) (court-appointed receiver); *cf. Herron v. Continental Airlines, Inc.*, 73 F.3d 57, 59 (5th Cir. 1996) (private process server is not an "officer[] of the courts of the United States" within the meaning of § 1442 because he was "not a conventional court officer" like "marshals, bailiffs, court clerks or judges"); (2) because the filing of a motion seeking civil contempt constitutes a "civil action" for purposes of the statute, *see State of Wis. v. Schaffer*, 565 F.2d 961, 962-64 (7th Cir. 1977) (state-court proceeding to compel compliance with subpoena properly removed under 1442(a)); *Bosaw v. Nat'l Treas. Empl. Union*, 887 F. Supp. 1199, 1206-07 (S.D. Ind. 1995) (citing authorities); and (3) because Respondents removed the case within 30 days of when Petitioner filed her motion, *see also Dunne v. Hunt*, No. 06 C 170, 2006 WL 1371445, **3-4 (N.D. Ill. May 16, 2006) ("the critical factor is whether the subpoenaing party has sought judicial intervention to compel a federal officer to comply with a subpoena, not whether the state court has ruled on the request."). Accordingly, the Court denies Petitioner's motion for remand as it pertains to Respondents.

**II.     The State Court Subpoenas Cannot Compel Testimony or Document Production**

The critical question on Respondents' motion to dismiss is whether state-court subpoenas may properly seek documents and testimony from federal judiciary officers regarding acts undertaken in their official capacity. For the reasons below, the Court finds that, even though removal was proper (as just noted), the state court lacks jurisdiction to compel federal officers in this regard.

Unlike removal under 28 U.S.C. §1441, "[o]riginal subject-matter jurisdiction of the district court is not a requirement for removal under § 1442." *Palmer v. City Nat'l Bank, of W. Va.*, 498 F.3d 236, 247-48 (4th Cir. 2007). This is the case because the two removal statutes are intended to address "two distinct scenarios. Section 1441 is the general removal statute and affords the defendant the right to remove a case to federal court through invocation of that court's original subject-matter jurisdiction to hear the case." *Id.* "By contrast, federal-officer removal provides a mechanism for federal officers to have their federal defenses adjudicated in a federal forum." *Id.* at 248; *Arizona v. Manypenny*, 451 U.S. 232, 241-42, 101 S. Ct. 1657, 1664, 68 L. Ed. 2d 58 (1981) ("removal under §1442(a)(1) and its predecessor statutes was meant to ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties. . . It also enables the defendant to have the validity of his immunity defense adjudicated, in a federal forum."); *Kolibash v. Comm'n on Legal Ethics of the W. Va. Bar*, 872 F.2d 571, 576-77 (4th Cir. 1989) ("The federal officer removal statute permits a state action to be adjudicated on the merits in a federal court 'free from local interests or prejudice.'" (quoting *Manypenny*, 451 U.S. at 241-42)); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) ("the Supreme Court has mandated a generous interpretation of the federal officer removal statute . . ."). Accordingly, "[t]he jurisdiction of the federal court upon removal, pursuant to 28 U.S.C. § 1442, is essentially derivative of that of the state court." *Edwards v. U.S. Dept. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (citing *Manypenny*, 451 U.S. at 242 n.17, 101 S. Ct. at 1665 n.17). This means that "[w]here the state court lacks jurisdiction of the subject matter or of the parties,

**STATEMENT**

the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction." *Id.* (quoting *Minnesota v. United States*, 305 U.S. 382, 389, 59 S. Ct. 292, 295, 83 L. Ed. 235 (1939)). "Therefore, if the state court lacks the jurisdiction to enforce the subpoenas, the district court will be in no better position than the state court in enforcing the subpoenas once the case is removed to federal court." *Id*.

Here, the state court lacks jurisdiction to enforce the subpoenas at issue. First, the subpoenas request documents and testimony related to actions taken in Respondents' official capacities, such as the Seventh Circuit's method of case assignment, and the appellate judges' deliberative processes and adjudication of certain matters once pending before the Seventh Circuit. (*See* R. 1-3, Exs. to Petition for Rule to Show Cause (attaching the subpoenas at issue).) Second, state courts lack jurisdiction to enforce subpoenas against federal officers in their official capacities because of the doctrine of sovereign immunity. *See, e.g., Matter of Skupniewitz*, 73 F.3d 702, 705 n.1 (7th Cir. 1996) ("The Seventh Circuit, as an arm of the United States, is not subject to suit at all unless Congress has explicitly waived [sovereign] immunity."); *United States v. Kaufman*, 980 F. Supp. 1247, 1250-51 (S.D. Fla. 1997) (judge entitled to sovereign immunity and so did not have to respond to subpoena issued by state court); *Shuster v. Oppelman*, 962 F. Supp. 394, 396 n.1 (S.D.N.Y. 1997) ("To the extent that the plaintiff is attempting to sue Judge Spatt in his official capacity, as a representative of the United States, the claim would be barred by sovereign immunity which the government has not waived."). There has been no waiver here, and thus the Court, like the state court, lacks jurisdiction. *See Edwards*, 43 F.3d at 317 ("Waiver of sovereign immunity is a jurisdictional prerequisite in the nature of . . . subject matter jurisdiction, in that unless sovereign immunity be waived, there may be no consideration of the subject matter." (internal quotation and citation omitted)). As a result, the Court quashes the subpoenas issued and served upon Respondents and dismisses this matter with prejudice. *Id.* ("Accordingly, the cases involving § 1442(a) removals of state subpoena proceedings against unwilling federal officers have held that sovereign immunity bars the enforcement of the subpoena. These courts have quashed the state court subpoenas or dismissed the contempt proceedings on the grounds that the court lacked the jurisdiction to enforce a subpoena against an unwilling sovereign."). The Court denies Plaintiff's motion for declaratory judgment as moot in light of the disposition above and remands the proceeding as to Petitioner's subpoena issued to Justice Burke.

1. Petitioner has moved for recusal under 28 U.S.C. §455 of all district court judges and magistrate judges in the Seventh Circuit because "the work of each district and magistrate judge within the Seventh Circuit is regularly reviewed on appeal by [Respondents]". (R. 7-1, Pet'r's Motion.) Petitioner's showing is insufficient insofar as it relates to the Court. *See, e.g., In re Taylor*, 417 F.3d 649, 652-53 (7th Cir. 2005) (denying mandamus where a petitioner had previously sued presiding judge in civil litigation: "[t]here is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties").