UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of BEVERLY B. MANN, Attorney-Respondent | No. 08 C 1627 |
| In the matter of a Petition for a Rule to Show Cause against GINO AGNELLO, Clerk, United States Court of Appeals for the Seventh Circuit, *et al*. | Judge St. Eve<br><br>Formerly case No. M.R. 22285 (06 CH 38), Supreme Court of Illinois. |

**RESPONSE OF THE UNITED STATES
TO RESPONDENT'S RULE 59(e) MOTION AND RECUSAL MOTION**

**Introduction**

On May 21, 2008, this court granted the United States' motion to dismiss Beverly Mann's attempt to compel federal judicial officials to testify in a state court bar disciplinary proceeding while at the same time denying her motion to disqualify all district and magistrate judges within the Seventh Circuit and to remand this matter to the Illinois Supreme Court. Mann now seeks reconsideration under Rule 59(e) of this court's decision as to the merits and recusal. She also asks separately that this court recuse itself from consideration of the Rule 59(e) motion because of the court's alleged "misconduct" in the handling of the case so far. Both motions should be denied.

*First*, Mann is subject to a so-called *Mack* filing bar that prevents this court from considering her current motion. *Second,* Mann fails to establish the "manifest error" required for Rule 59(e) relief either as to this court's recusal decision or as to the merits. She does cite an example of a judge recusing himself on grounds similar to those present here, but as will be seen below, recusal was not required under the circumstances of that case or this case. *Third*, Mann's *new* motion to recuse is based on the claim that this court's May 21 ruling was wrongly decided, thus demonstrating bias. But judicial rulings alone almost never constitute a valid basis for a bias or partiality motion,

and there is nothing about this court's previous dispositive ruling that dictates recusal from the current post-judgment motion.

## Discussion

### I. The *Mack* Filing Bar

As Mann recognizes in her most recent filing (Mot. at n.1), she is currently barred from filing any papers in any federal court in this circuit until she pays a sanction. *See* Doc. 10, Reply of the United States, at 2. In fact, the relevant order provides "that the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by or on behalf of Beverly B. Mann in this court or district courts unless and until she pays in full the sanction that has been imposed on her." *Mann v. Brown*, Nos. 99-1750, 99-3595 (7th Cir. October 16, 2001) While the so-called *Mack* order remains pending, she cannot file anything in the federal courts of this circuit, and thus this court should strike her Rule 59(e) motion. *See In re City of Chicago*, 500 F.3d 582 (7th Cir. 2007)(requiring district courts to strictly enforce *Mack* orders).

### II. Reconsideration of Previous Recusal Motion[1]

Mann's main argument that this court should have recused itself appears based in large part on a two-year-old district court decision she just discovered. In *Rosenfield v. Wilkins*, 2006 WL 335612 (W.D.Va. February 13, 2006), a district judge recused himself in a case brought against the chief judge of the circuit in which the district was located, reasoning that an outside observer might be aware that the appellate judge heard appeals from the district judge's decisions and the observer might question the district court's ability to ignore the district court's supposed interests in ruling

---

[1] Mann's motion erroneously refers to the wrong date, May 25, 2008, for the order she seeks relief from, but there is no doubt that this is just a typographical error, and she means to seek relief from the May 21 order.

in favor of the appellate court. *Id.* at *2. But the fact that the judge in *Rosenfield* did recuse himself "does not show that he had to," *New York City Development Corp. v. Hart*, 796 F.2d 976, 979 (7th Cir. 1986), or that this court's assessment of the situation in this case amounts to a manifest error of law that warrants relief under Rule 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008)(holding that Rule 59(e) allows a court to alter or amend a judgment only to correct a manifest error or to consider newly discovered evidence). Mann's motion does not attempt to present new evidence, so she must demonstrate a manifest error to obtain relief under Rule 59(e). But the question Mann raised in her original motion involved a judgment call,[2] and a brief examination of the issue shows that this court was well within the limits of its discretion in not recusing itself in this case.

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This section "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." *Matter of Mason*, 916 F.2d 384, 385 (7th Cir. 1990), *citing Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988). What matters is "how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *Id.* at 386. As the Seventh Circuit discusses in *Mason*, this task is complicated by the fact that the judge does not stand outside the judicial system, but nevertheless must imagine how someone outside the system perceives the situation. *Id.* "A judge *may* decide close calls in favor of recusal. But there must first be a close call." *New York City Development Corp. supra*, 796 F.2d

---

[2] The denial of a § 455(a) recusal motion is reviewed by mandamus only, *United States v. Balistrieri*, 779 F.2d 1191, 1205 (7th Cir. 1985), and mandamus is available only when the district court abuses its discretion, violates a clear and indisputable legal right, or clearly errs. *United States v. Lapi*, 458 F.3d 555, 561 (7th cir. 2006).

981 (emphasis added)("As we put it in *Suson v. Zenith Radio Corp.*, 763 F.2d 304, 308-09 n. 2 (7th Cir.1985), a 'district judge is . . . obligated not to recuse himself without reason just as he is obligated to recuse himself when there is reason.'").

Section 455(a) is concerned with perceived bias, not actual bias, and the court has the challenging job of imagining how someone outside the judicial system who is "well-informed" and "thoughtful" would perceive potential bias by a lower court judge deciding an issue involving judges of the reviewing court. One way to look at this question is to regard judges as existing in something like a corporate hierarchy, with lower-level corporate officers incapable of objectively evaluating their higher-ups. This was effectively Mann's argument in her brief recusal motion. (As this court noted in its May 21st decision at n. 1, Mann's sole argument in her original disqualification motion was that "the work of each district and magistrate judge within the Seventh Circuit is regularly reviewed on appeal" by the appellate judges.) This is also the approach the district court took in *Rosenfield*, explaining that some might perceive that the judge's "own personal and professional interests would be served" by ruling in the appellate judge's favor. 2006 WL 335612 at *2. But this argument is flawed for a number of reasons, and assumes both too much and too little about the hypothetical well-informed, thoughtful observer.

The corporate hierarchy model assumes too little from the hypothetical observer. It assumes that the observer is not aware of the constitutional life-tenure and salary protections afforded federal judges so that they may, as their oath provides, "administer justice without respect to persons." 28 U.S.C. § 453. It assumes incorrectly that district judges are dependent on the appellate court perhaps for continued employment or for formal evaluations and promotions. At the same time, the approach suggested by Mann and followed by the district court in *Rosenfield* assumes too *much*, namely that the concerned observer will understand the nuances of the federal judicial system such that

transferring the case to a district judge in a different circuit will somehow insulate the decision-making process from the perceived bias that a judge in the same circuit might suffer. But when considering *perceived* rather than actual biases, especially by those not especially familiar with the workings of the federal judicial system, it is perhaps just as likely that those who "see goblins behind every tree," *Matter of Mason, supra*, 916 F.2d at 386, will lump all appellate judges together and assume that bias, if any, would infect a district judge from *any* circuit.

In *In re White*, 171 B.R. 557 (S.D. Miss. 1994), a district judge was faced with a request similar to Mann's to recuse himself from hearing a case that would result in a Fifth Circuit appellate judge being deposed, called as a witness at trial, and potentially subjected to damage claims. The moving party argued that the "reviewing, supervisory, and collegial relationships" among the district and appellate judges "would cause an objective observer to doubt these adjudicators' impartiality." *Id.* at 559. The court first rejected the collegiality argument in part for reasons not present here (the size of the circuit and the geographic separation of the district judge from the circuit courthouse) but also because Fifth Circuit appellate judges had heard appeals in three criminal cases against sitting Fifth Circuit district judges, which pours cold water on the notion that collegiality somehow necessitates recusal. *Id.* at 562. More to the point for this case, the judge rejected the argument that the subordinate relationship of district judges to their circuit's appellate judges results in an appearance of impartiality to those who actually know the circumstances:

> Thus although, as the trustee states, appellate judges typically review district judges' decisions, appellate judges have no authority to discharge district judges, reduce their pay, or in any other way threaten their livelihood. In all functions other than adjudicatory, district judges are the operational equivalents of appellate judges.

*Id.* at 562 (citation omitted). Accordingly, the judge "refuse[d] to abdicate" and denied the motion.

There is also appellate caselaw that supports this court's decision not to disqualify itself.  In *Bolin v. Story*, 225 F. 3d 1234 (11th Cir. 2000), a district judge refused to disqualify himself under § 455(a) in a case brought against, among others, most of the appellate judges in the district judge's circuit.  The recusal motion was based on the fact that the district judge had sat by designation on the appellate court and had a long-term working relationship with most of the defendant appellate judges.  The Eleventh Circuit affirmed the district judge's refusal to recuse himself, concluding that the recusal allegations were "not sufficient to cause an objective, disinterested lay observer to entertain a significant doubt about [the district judge's] impartiality." 225 F.3d at 1239.  This court's refusal to disqualify itself based on Mann's bare motion was clearly a reasonable one, and there is no reasoned basis under Rule 59(e)'s "manifest error" standard to alter the court's previous decision.

### III. Reconsideration of Merits Decision

Mann offers no new argument on the merits, nor does she attempt to point out how the court committed a manifest error of law as required under Rule 59(e) as to the merits.  *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).  Instead, her argument as to the merits (Mot. at 14-15) merely incorporates her earlier filings.  Accordingly, no responsive argument is required.

### IV. New Recusal Motion

Mann separately asks this court to disqualify itself under § 455 from deciding the current Rule 59(e) motion due to the court's "misconduct" in not recusing itself in the first place, characterizing the court's previous recusal decision as "downright bizarre" and "preposterous." Mot. at 9, 11. , Mann apparently contends that by wrongly deciding the recusal motion initially, this court thereby demonstrated that it was not impartial.  Aside from the fact, as the previous discussion demonstrates, that this court's original recusal decision was perfectly reasonable, judicial rulings

alone almost never constitute a valid basis for disqualification. *Hoffman v. Caterpillar, Inc*. 368 F.3d 709, 718 (7th Cir. 2004). "Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). This court's previous decisions in this case thus provide no grounds for disqualification from consideration of Mann's current Rule 59(e) motion.

## Conclusion

For the foregoing reasons, this court should deny Mann's Rule 59(e) motion and her renewed motion to recuse.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By: s/ Thomas P. Walsh
    THOMAS P. WALSH
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5312
    thomas.walsh2@usdoj.gov

## **CERTIFICATE OF SERVICE**

  The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

  RESPONSE OF THE UNITED STATES TO RESPONDENT'S RULE 59(e) MOTION AND RECUSAL MOTION

was served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on June 18, 2008, to the following non-ECF filers:

Beverly B. Mann
P.O. Box 20
Whitmore Lake, Michigan 48189

Ronald Rascia
Assistant Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601

Robert V. Verrando
Senior Counsel, Illinois ARDC
130 East Randolph Drive, Suite 1500
Chicago, Illinois 60601

               s/ Thomas P. Walsh
               THOMAS P. WALSH
               Assistant United States Attorney
               219 South Dearborn Street
               Chicago, Illinois
               (312) 353-5312
               thomas.walsh2@usdoj.gov