UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

**F I L E D**

JUN 2 6 2008
JUN 26 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In the Matter of BEVERLY B. MANN
Attorney-Respondent

In the matter of a Petition for a Rule to
Show Cause against:

GINO AGNELLO, Clerk, United States Court
of Appeals for the Seventh Circuit, FRANK
H. EASTERBROOK, Chief Judge, and
Circuit Judges MICHAEL S. KANNE,
DANIEL A. MANION, KENNETH F.
RIPPLE, ILANA D. ROVNER, DIANE P.
WOOD, and ANN C. WILLIAMS.

No. 08 C 1627
Judge St. Eve
Magistrate Judge Cole

Formerly case No. M.R. 22285
(06 CH 38), Supreme Court of Illinois

## REPLY IN SUPPORT OF MOTION PURSUANT TO FED. R. CIV. P. 59(e) FOR RECONSIDERATION OF MAY 25, 2008 ORDER; MOTION FOR RECUSAL OF DISTRICT JUDGE AMY J. ST. EVE

Beverly Mann, *pro se*, states the following in reply in support of her motion pursuant to Fed. R.

Civ. P. 59(e) for reconsideration of the order entered by this court on May 25, 2008 and for recusal

of District Judge Amy J. St. Eve:

The United States, ostensibly solely on its own behalf but clearly also on behalf of and at the

direction of the Seventh Circuit Clerk Gino J. Agnello and the Seventh Circuit judges whose

testimony is sought in the underlying matter, asserts three objections to Mann's motions

summarized at the outset as:

> *First*, Mann is subject to a so-called *Mack* filing bar that prevents this court from considering her current motion. *Second*, Mann fails to establish the "manifest error" required for Rule 59(e) relief either as to this court's recusal decision or as to the merits. She does cite an example of a judge recusing himself on grounds similar to those present here, but as will be seen below, recusal was not required under the circumstances of that case or this case. *Third*, Mann's *new* motion to recuse is based on the claim that this court's May 21 ruling was wrongly decided, thus demonstrating bias. But judicial rulings alone almost never constitute a valid basis for a bias or partiality motion, and there is nothing about this court's previous dispositive ruling that dictates recusal from the current post-judgment motion.

Mann notes first that the United States is not a party at all to the underlying Illinois Attorney Registration and Disciplinary matter, nor for that matter are the Seventh Circuit Clerk and federal judges on whose behalf the response is actually filed, and that the response in fact acknowledges this; it acknowledges that this matter is an Illinois Attorney Registration and Disciplinary matter, not a lawsuit filed against the United States or any of its employees.  Having now conceded this, they also necessarily concede that this court lacks subject-matter jurisdiction to do anything other than remand the matter back to the Illinois Supreme Court. They also concede that the May 21, 2008 order is, for lack of the court's jurisdiction to issue it, a nullity. See *Steel Co., v. Citizens for a Better Environment*, 523 U.S. 83; 118 S. Ct. 1003; 140 L. Ed. 2d 210 (1998).

Nor is that the only issue that they now concede they were wrong about.  By their—er, its— silence on the subject, the United States admist that the Administrate Procedure Act ("APA"), 5 U.S.C. §§ 701-706, applies only to executive branch agencies and does not authorize the *Judicial Conference* of the United States to promulgate "a regulation governing testimony of federal judiciary personnel and production of judiciary records in legal proceedings," and that the "Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings, found at www.uscourts.gov/courts/regulations. htm#regulations", has the same legal effect as, say, the Federal Bureau of Investigation's regulations at issue in *Edwards v. Department of Justice*,43 F.3d 312 (7th Cir. 1994), or regulations promulgated pursuant to the APA by the Environmental Protection Agency, or the Federal Drug Administration, or the Federal Aviation Administration, or the Federal Consumer Product Safety Commission. It admits that *Edwards* is irrelevant to the issue of subpoenas served on anyone or any government body other than employees of executive branch agencies and the agencies themselves.

By its silence, the United States also allows that federal district-court memorandum orders are binding on the other judges within the same federal district.  The federal district court opinion upon

which they and in turn this district judge so rely has no binding effect whatsoever on this court, and while this district judge may be persuaded by the reasoning of it, she gave no indication that she was; she, like the Seventh Circuit clerk and federal judges—er, the United States—in their motion to dismiss, did nothing more than cite to that memorandum order and pretend that it constituted binding law.

And by its silence, the United States admits that the Judicial Conference of the United States— the same body whose promulgation of regulations concerning testimony by judges and other court personnel these respondents and now the district judge invoke and equate with the APA, 5 U.S.C. §§ 701-706—would not include in its Canons of Conduct for United States Judges two provisions that require judges to comply with subpoenas in certain types of matters, including the very type of matter at issue here, if the Judicial Conference believed that by statute, Supreme Court precedent or constitutional dictate, the subpoenas are extra-jurisdictional and thus void or that the doctrine of sovereign immunity applies.

The United States tacitly acknowledges, in other words, that the district judge bought the Brooklyn Bridge from it (and its underlying players), either unwittingly or wittingly.

Mann also notes that the United States, by invoking the *Mack* order, the circumstances surrounding whose entry in 2001 and who actually entered it is a key subject of the testimony and documentary evidence sought by the subpoenas that the clerk and judges—er, the United States— seeks to quash, also concedes that because Mann is barred from litigating this matter in any federal court within the Seventh Circuit, this matter cannot be litigated *at all* in any court within the Seventh Circuit. Indeed, the sole basis upon which the Court of Appeals for the Seventh Circuit professed the authority to issue such an order at all that, it said, did not violate the First and Fifth amendments was that most lawsuits that can be filed in federal court also can be filed in state court. See *Support Systems Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995).

3

Of course, *Mack* did not consider what happens when a defendant removes the case to a federal court within the Seventh Circuit, but presumably either the defendants cannot do so or the *Mack* order cannot be invoked when this occurs. The federal judges who had this matter removed to federal court in order to be able to litigate the matter *ex parte* and obtain default rulings in their favor have, by doing so, engaged in misconduct, and Mann will file a misconduct complaint with the Judicial Conference of the United States, as well as through the normal procedure (i.e., with the Clerk of the Seventh Circuit court) reporting the matter.

This, of course, is apart from the question, which will be litigated in federal court in the Sixth Circuit, of whether so-called *Mack* orders violate the First and Fifth amendments, the Rules Enabling Act, 28 U.S.C. §§ 2071 – 2077, and the doctrine of separation of powers. The conduct of these people in this matter also will become a subject of that lawsuit.

Mann notes third that, to the extent, if any, that as the United States claims, there does exist a rule that requires the establishment of "manifest error" as a prerequisite to the grant of a Rule 59(e) motion, such a rule of law could not, under 28 U.S.C. § 455, apply to motions for recusal. Recusal motions, which are not part of the judgment itself, must by their nature be decided before a decision on the merits, and the denial of a recusal motion is not part of the judgment itself. Rule 59(e) concerns only the judgment itself, and any standard that applies to it that is different than the standard for motions for reconsideration would apply only to the portion of the motion that seeks reversal of or amendment to the judgment itself.

Fourth, and relatedly, courts of appeals lack the legal *authority* to alter the Rules of Civil Procedure by fiat, including, or perhaps especially, concerning standards under those Rules. The United States Supreme Court has made that clear on numerous occasions within the last few years, including one issued last week. See, e.g., *Taylor v. Sturgell*, 2008 U.S. LEXIS 4885; 76 U.S.L.W. 4453; 21 Fla. L. Weekly Fed. S 323 (Jun. 12, 2008); *Erickson v. Pardus*, 127 S. Ct. 2197; 167 L.

4

Ed. 2d 108 (2007); *Jones v. Bock*, 549 U.S. 199, 204, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Rule 59(e), titled "Motion to Alter or Amend Judgment," states in full: "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Courts of appeals lack the authority under the doctrine of separation of powers and the Rules Enabling Act to simply decree a standard that the Rule itself does not impose.

See also, by (strong) analogy, *Greenlaw v. United States*, 2008 U.S. LEXIS 5259 (Jun. 23, 2008), an opinion that for other reasons has remarkably strong and obvious implications for the underlying Attorney Registration and Disciplinary Commission matter itself and for the related case that will be litigated in the Sixth Circuit.

Finally, and most important, is the United States' stunningly fatuous claim that what is at issue here regarding the requirement of recusal of this judge and of all federal district judges within the Seventh Circuit is, well, that it is not a requirement at all but instead a judgment call. Mann's allegation is that this district judge and the other district judges within the Seventh Circuit have an *actual* conflict of interest—not a mere appearance of conflict of interest, as was the situation in *Rosenfield v. Wilkins,* No. 3:05-CV-00072 (Feb. 13, 2006), which Mann discussed in her motion— but instead an *actual* conflict of interest—as well as an appearance of conflict of interest.

In her motion, Mann explained in detail why there exists here the same appearance of conflict of interest that existed in *Rosenfield.* But she also explained in detail why in this matter, unlike in *Rosenfield*, there exists a clear actual conflict of interest. As she explained in her motion, the difference between

5

The United States claims that this district judge simply made a different judgment call than did Judge Moon in *Rosenfield* and that (if Mann understands correctly) such a judgment call cannot be reconsidered because it was made in the same order as the ruling on the merits; apparently (as noted above), according to the United States, the mere fact that the "judgment call" not to recuse was made in the same order as the ruling on the merits alters the standard for reconsideration of the denial of the recusal motion and in fact removes the right to have the issue reconsidered because, after all, judgment calls are by their nature never manifestly erroneous. But of course that claim, like the assertion that the alteration of the standard by sheer virtue (so to speak) of the happenstance that the ruling was made in the same order as the ruling on the merits, is preposterous.

Moreover in this instance, it relies in part upon a misstatement, or more precisely, a mis-implication, of procedural *fact*. In this case, unlike in *Rosenfield*, the district judge did not engage in any analysis of the issues of actual and, separately, the appearance of conflict of interest; she simply announced her "judgment call," without discussion of the circumstances, in a footnote, citing an appellate opinion that the United States itself concedes by its silence on the subject is bizarrely irrelevant to the circumstance in this matter. The United States implies falsely that the judge made a judgment call rather than that she relied wholly upon an utterly irrelevant appellate opinion.

But even more preposterous is the United States' assertion that 28 U.S.C. § 455 permits judges to make judgment calls to preside in cases in which they have an actual conflict of interest and that the existence of actual conflict of interest is itself a judgment call. The express wording of that statute makes clear that recusal for actual conflict is mandatory—a requirement clearly based upon the Fifth Amendment's due process clause—and that the existence of an actual conflict of interest is a judgment call. In her motion, Mann describes with precision the actual conflict of interest that is based upon the *nature* of the interest that the federal appellate judges have in the outcome of this

6

matter—an interest that, unlike that if Judge Wilkins in *Rosenfield*, is clearly one that is personal, as it may well effect the reputation, job security and even criminal culpability of at least two of these judges.

As for the separate motion for recusal of this district judge, the United States misconstrues Mann's claim as alleging "that this court's May 21 ruling was wrongly decided, thus demonstrating bias." Mann's claim is not that this court's May 21 ruling was wrongly decided, thus demonstrating bias. It is that this judge has an actual *conflict of interest*, and that in this instance the conflict of interest was not harmless but instead determined the result.

Respectfully submitted,


s/Beverly Mann
Beverly Mann
*Pro se*
P.O. Box 20
Whitmore Lake, MI 48189
(248) 767-4895
beverlymann2@yahoo.com

## Certificate of Service

I certify that on June 26, 2008, I will file the foregoing with the Clerk of Court, and that on that date I will send notification via fax or email or U.S. mail to the following:

Thomas P. Walsh
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
thomas.walsh2@usdoj.gov

Clerk, Attorney Registration and
Disciplinary Commission of the
Illinois Supreme Court
130 East Randolph Drive, 11th Floor
Chicago, Illinois 60601

Robert V. Verrando
Senior Counsel, Illinois ARDC
130 East Randolph Drive, Suite 1500
Chicago, Illinois 60601

Ronald Rascia
Assistant Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601

s/ Beverly Mann
Beverly Mann
P.O. Box 20
Whitmore Lake, MI 48189
Ph: (248) 767-4895
    beverlymann2@yahoo.com