## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1627 | **DATE** | 6/30/2008 |
| **CASE TITLE** | Mann vs. Agnello et al. | | |

**DOCKET ENTRY TEXT**

Petitioner's Motion Pursuant to Fed. R. Civ. P. 59(e) for Reconsideration [16] is stricken.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

    On May 21, 2008, after Respondents removed this matter under 28 U.S.C. §1442(a), the Court quashed the state-court subpoenas that Petitioner served upon Respondents, holding that the state court lacked jurisdiction to demand documents and testimony related to actions taken in Respondents' official federal governmental capacities. (R. 14-1, Order of May 21, 2008) In that same Order, the Court denied all of Petitioner's then-pending motions, including a motion to disqualify all District and Magistrate Judges within the Seventh Circuit under 28 U.S.C. §455. (R. 7-1, Pet'r's Motion (arguing that the Court should recuse itself because "the work of each district and magistrate judge within the Seventh Circuit is regularly reviewed on appeal by [Repondents]").) Currently before the Court is Petitioner's motion to reconsider under Fed. R. Civ. P. 59(e), which challenges the Court's disposition on all of the resolved motions, but places particular emphasis on the Court's denial of Petitioner's motion to disqualify. *See* Fed. R. Civ. P. 59(e) (permitting a party to file, within ten days of the entry of judgment, a motion to alter or amend the judgment). Petitioner's motion does not merit relief.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**STATEMENT (CONT.)**

Foremost, Petitioner is currently subject to an active *Mack* filing bar, which prohibits Petitioner from filing "any papers" "until she pays in full the sanction that has been imposed against her." (R. 10-2; Order of Oct. 16, 2001; R. 10-1, Reply at 2-3; R. 19-1, Resp. at 2.) *See Support Sys. Int'l Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (*per curiam*). Because Petitioner concedes that the filing bar remains operative (R. 16-1, Pet'r Motion at 1 n.1), the Court hereby strikes her motion.

The Court notes, however, that the motion would have failed under Rule 59(e) in any event because it fails to demonstrate a "manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). The Court considered and resolved Petitioner's arguments regarding recusal in its prior Order, finding that no sound basis for recusal existed. *See, e.g., In re Taylor*, 417 F.3d 649, 652-54 (7th Cir. 2005) (holding that there is no categorical rule requiring recusal and that courts may consider "the purpose and merit of an action" in weighing whether an alleged appearance of bias requires recusal under 28 U.S.C. §455); *see also Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) ("Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." This is an objective inquiry that asks "how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person. . . A thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could introduce a bias into adjudication. Thus the search is for a risk substantially out of the ordinary." (quoting *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990)). That a district court judge elsewhere in a non-published (and non-binding) opinion decided to recuse himself in a lawsuit involving the chief judge of the district, *Rosenfield v. Wilkins*, 2006 WL 335612, *1 (W.D. Va. Feb. 13, 2006), does not demonstrate a "manifest" error, especially when authority to the contrary exists. *See Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000); *In re White*, 171 B.R. 557 (S.D. Miss. 1994). For similar reasons, Petitioner's contention that the Court should recuse itself from hearing Petitioner's Rule 59(e) motion fails, and it fails for the added reason that judicial rulings alone almost never form a proper basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 114 S. Ct. 1147 (1994).

In addition, Petitioner's other grounds for reconsideration would have fared no better. They all rest on arguments Petitioner raised in her previous submissions. Rehashed arguments do not merit relief under Rule 59(e). *See, e.g., Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003).